**Florence Y. BARNES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 84–2060.**

United States District Court, C.D. Illinois.

March 27, 1985.

414

Ralph Swanson, Danville, Ill., for plaintiff.

Frances Hulin, Asst. U.S. Atty., Danville, Ill., and Angelynn C. Hall, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## SUMMARY JUDGMENT FOR PLAINTIFF

BAKER, Chief Judge.

The plaintiff, Florence Y. Barnes, seeks a refund of taxes and interest paid in connection with her 1978 and 1979 federal income tax returns. The plaintiff claims that payments made to her as survivor's insurance benefits under the State University's Retirement System are "amounts received under a life insurance contract ... paid by reason of the death of the insured" which are exempt from gross income under the provisions of Internal Revenue Code §§ 101(a)(1) and 101(d). Jurisdiction is vested in the court under the provisions of 28 U.S.C. § 1346(a)(1).

The plaintiff is the widow of a former employee of the University of Illinois who during his lifetime was a contributor to the State University's Retirement System (SURS). *See* Exhibit D attached to the First Amended Complaint.

During the tax years 1978 and 1979, the plaintiff received payments from SURS as "survivor insurance benefits". She excluded these from taxable income under the provisions of Internal Revenue Code § 101(a) (1954). The defendant assessed deficiencies against the plaintiff for the years 1978 and 1979 together with interest. The deficiency assessments and the interests, in the total amount of $1706.94, were paid by the plaintiff and a timely claim for refund was made with the Internal Revenue Service Center at Kansas City, Missouri. The claim for refund was disallowed and this suit followed. The issue presented is a narrow one: whether the payments received by the plaintiff as "survivor insurance benefits" during the years in question constitute life insurance proceeds which are excludable from income under § 101(a) of the Internal Revenue Code of 1954.

Both the plaintiff and the defendant have moved for summary judgment under the provisions of Fed.R.Civ.P. 56.

SURS has two aspects: first, it provides a retirement annuity to an employee; and second, it provides survivor's insurance benefits for the family of the employee after his death. As a condition of employment each employee of the University of Illinois contributes eight percent of his salary to SURS, seven percent goes to fund employees' retirement annuity, Exhibit D, Section 15–157(1) and (6), and one percent goes to fund the survivors' insurance benefit, Exhibit D, Section 15–158. After her husband's death, the plaintiff was paid the sum of $3,000 per year in monthly installments of $250. It was those sums that the plaintiff excluded from gross income and which are the subject of the deficiency assessments and claim for refunds which are the center of this suit.

The parties are in agreement that in order for the amounts in controversy to be considered as received under an insurance contract it is necessary that the survivor insurance benefits constitute "a binding ar-

rangement of risk-shifting and risk distribution". *Ross v. Odom*, 401 F.2d 464, 467 (5th Cir.1968). It is the plaintiff's contention that risk-shifting and risk distribution are present while the defendant asserts that the survivor insurance benefits under SURS do not involve risk-shifting because (1) the university plan involves no risk since the amounts are entirely refundable; (2) the provisions of the plan do not alleviate the potential financial burden of premature death; and (3) the survivors' benefits are not payable in all events.

The court is persuaded that the survivor insurance benefits payable under SURS provide for risk shifting and risk distribution as described in *Ross v. Odom*, 401 F.2d 464 (5th Cir.1968) and *Commissioner v. Treganowan*, 183 F.2d 288 (2d Cir.1950), *cert. denied* 340 U.S. 853, 71 S.Ct. 82, 95 L.Ed. 625 (1950). In *Ross* the government raised the same issues that are raised here. The retirement system in question was the state employee's retirement system of Georgia. That system had both a retirement pension for the employee and a survivor's benefit for members of the employee's family in case of his premature death. The government contended that the payments under the survivor's benefit aspect of the Georgia program were taxable income but the Fifth Circuit Court of Appeals held that because of the presence of risk shifting characteristics the payments were excludable from income as life insurance proceeds. The Georgia system is parallel to the Illinois system. It provides for employee and state contributions and risk-shifting occurs since the state bears a substantial cost of the plan which is not refundable. The facts of *Treganowan* indicate there is no merit in the government's position that the employee must bear the risk of losing his contributions. In *Treganowan* the decedent had paid only $2,160 in contributions from 1925 to 1941 because of credits from earnings in the fund and from 1941 through 1945 the decedent and his estate had made no contributions at all because of a surplus in the gratuity fund.

The government's argument that survivor's benefits are not payable in all events and therefore do not involve risk shifting is also without merit in light of *Commissioner v. Noel's Estate*, 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159 (1965) where flight insurance was held to have the attributes of risk shifting even though the proceeds were not payable in all events.

The government's point that the provisions of the plan do not alleviate the potential financial burden of premature death escapes the court. Certainly any insurance payments upon the death of the contributor alleviate the financial burdens bound to be experienced by his survivors after his death. To argue otherwise seems nonsense.

Finally, the government argues that SURS is not actuarily sound. Yet as argued by the plaintiff, and as pointed out in *Ross v. Odom*, 401 F.2d at 468, the determining factor is whether SURS is hypothetically sound but is in fact financially sound. The annual report of SURS for the year 1979 shows that the survivor's insurance benefit fund was indeed financially sound.

IT IS THEREFORE ORDERED that the Clerk enter summary judgment in favor of the plaintiff and against the defendant in the sum of $1,706.94 and costs of suit.

IT IS FURTHER ORDERED that the cross-motion for summary judgment of the defendant be, and hereby is, denied.